IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| **JOSE ROMERO-PALACIOS,** § § § | | |
| *Plaintiff,* § § | | |
| vs. § § | CIVIL ACTION NO. 4:21-cv-00042 | |
| **WARREN ELECTRIC LLC,** § § § | | |
| *Defendant.* § § | JURY REQUESTED | |

## COMPLAINT AND JURY DEMAND

COMES NOW, Jose Romero-Palacios, and hereby files his Original Complaint against Defendant Warren Electric LLC, and in support thereof would respectfully show the Court the following:

## I.
## PARTIES

1. Plaintiff, Jose Romero-Palacios, ("Plaintiff") is an individual residing in Kermit, Winkler County, Texas.

2. Defendant, Warren Electric LLC ("Defendant") is a foreign limited liability company doing business in the State of Texas. Defendant may be served through its Director: Rodney Warren, 1001 E. Navajo Loop, Hobbs, New Mexico 88240, or wherever it may be found.

## II.
## SUBJECT MATTER JURISDICTION

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists between the parties and the amount in controversy is greater than $75,000.

## III.
## PERSONAL JURISDICTION

4. On information and belief, at all relevant times, and on the date of the Incident, Defendant maintained a place of business in Kermit, Texas and employed Daniel Trace Moore, who was driving Defendant's vehicle at the time of the Incident.

5. Further on information and belief, Daniel Trace Moore resided in Kermit, Texas on the day of the Incident, worked out of Defendant's place of business in Kermit, Texas, and the trip that Daniel Trace Moore was on at the time of the Incident—pursuant to his employment with Defendant—originated out of Defendant's place of business in Kermit, Texas.

6. Accordingly, although the collision made the basis of this lawsuit occurred just outside of Jal, New Mexico, this Court may exercise personal jurisdiction over Defendant because the Incident made the basis of this suit arises out of or relates to Defendant's contacts with the State of Texas.

7. Additionally, and in the alternative, Defendant's contacts with the State of Texas are continuous, systematic, and ongoing in a manner such that it is "at home" in the State of Texas, and it has purposefully availed itself of the benefits and protections of doing business in the State of Texas, such that it could reasonably expect to respond to Plaintiff's complaints herein.

## IV.
## VENUE

8. Venue is proper in the Western District of Texas, Pecos Division, because it is the judicial district and division in which a substantial part of the events or omissions giving rise to the subject claim occurred and it is the district and division to which Defendant is subject to the Court's personal jurisdiction with regard to this action. 28 U.S.C. §§ 1391(b)(2), (c)(2).

## V.
## FACTS

9. Upon information and belief, around 6:00 p.m. on September 30, 2019, Plaintiff Jose Romero-Palacios was traveling eastbound on State Road 128 near milepost 51, just outside of Jal, New Mexico. Plaintiff observed the vehicle in front of him stopped and waiting to turn left. Plaintiff slowed his vehicle and then stopped to wait for the vehicle in front of him to make the left turn. While Plaintiff was stopped, Daniel Trace Moore, who was driving a 2019 Dodge Ram in the course and scope of his employment with Defendant Warren Electric, was not paying attention and violently crashed into the back of Plaintiff's truck at a high rate of speed. Daniel Trace Moore crashed into Plaintiff's truck with such force that it pushed Plaintiff's truck forward and caused it to strike the truck in front of Plaintiff. As a result of the Incident, Plaintiff sustained serious personal injuries and damages as set forth in more detail below.

## VI.
## CLAIMS AGAINST DEFENDANT WARREN ELECTRIC

10. Plaintiff incorporates the allegations above herein by reference.

**A.    RESPONDEAT SUPERIOR**

11. Defendant Warren Electric is vicariously liable for the negligent conduct of Daniel Trace Moore because he was, at all times material hereto, an employee, agent, ostensible agent, and/or servant of Defendant and was acting within the course and scope of such employment or agency with Defendant.

12. Specifically, Daniel Trace Moore, while in the course and scope of employment for Defendant, had a duty to exercise the degree of care that a reasonably prudent person driving an automobile would use to avoid harm to others under circumstances, similar to those described herein.

13. On the occasion in question, the collision and Plaintiff's injuries and damages were

proximately caused by the negligence, carelessness, and recklessness of Daniel Trace Moore in at least, but not limited to, one or more of the following ways:

    a.    Failing to operate his vehicle in obedience to traffic laws and regulations;

    b.    Failing to control the speed of his vehicle;

    c.    Failing to timely apply the brakes;

    d.    Failing to maintain a proper lookout;

    e.    Failing to pay attention to the conditions of the road and/or traffic;

    f.    Failing to maintain proper control of the vehicle he was driving;

    g.    Failing to take proper evasive action to avoid an impending collision;

    h.    Driving his vehicle at a rate of speed other than that which an ordinarily prudent person would have done under the same or similar circumstances;

    i.    Driving his vehicle in willful or wanton disregard for the safety of others; and

    j.    Other acts deemed negligent.

14.    Each and all of the above and foregoing breaches, acts, and omissions, whether taken singularly or in combination with others, constituted negligence and/or negligence per se, which proximately caused the occurrence made the basis of this suit and Plaintiff's injuries and damages pled herein.

15.    Plaintiff affirmatively pleads that any alleged acts or negligence of Daniel Trace Moore were committed while he was acting in the course and scope of his employment with Defendant while he was on a mission on behalf of Defendant and are thus imputed to Defendant under a legal theory of *respondeat superior*.

**B.**    **NEGLIGENCE**

16.    Defendant also committed acts and omissions, which collectively and severally, constituted negligence and which proximately caused Plaintiff's injuries and damages.

17. Defendant had a duty to exercise ordinary care, meaning the degree of care that would be used by a company of ordinary prudence under the same or similar circumstances. Defendant breached its duty in at least, but not limited to, one or more of the following ways:

   a. Failing to create, implement, or enforce safety rules, policies, and procedures for employees that would be driving its vehicles;

   b. Failing to train or adequately train employees with regard to safety while driving its vehicles;

   c. Failing to supervise and/or monitor the conduct of employees while driving its vehicles;

   d. Failing to hire competent drivers; and

   e. Negligently entrusting the motor vehicle to Daniel Trace Moore.

18. These breaches, among others, constituted negligence. Such negligence was a proximate cause of the occurrence in question and the injuries and damages sustained by Plaintiff.

C. **NEGLIGENT HIRING**

19. Plaintiff further pleads that Defendant owed Plaintiff a legal duty to protect Plaintiff from Daniel Trace Moore's negligent driving. The Plaintiff's injuries and damages were proximately caused by Defendant's breach of said duty. In particular, Defendant was negligent by hiring incompetent, unfit, or reckless drivers whom they knew, or by the exercise of reasonable care should have known, to be incompetent, unfit or reckless, thereby creating an unreasonable risk of harm to others.

D. **NEGLIGENT RETENTION**

20. Plaintiff further pleads that Defendant negligently retained Daniel Trace Moore as an employee. Defendant owed Plaintiff a legal duty to protect Plaintiff from its employee's negligent operation of its vehicles. Plaintiff's injuries and damages were proximately caused by Defendant's breach of said duty. In particular, Defendant was negligent in retaining its employee, Daniel Trace Moore, an incompetent, unfit or reckless driver whom they knew, or by the exercise

of reasonable care should have known, to be incompetent, unfit or reckless, thereby creating an unreasonable risk of harm to others.

### E.   NEGLIGENT ENTRUSTMENT

21.   Plaintiff further pleads that Defendant negligently entrusted its truck to Daniel Trace Moore. Defendant owned and operated the truck involved in the incident and consented to and permitted Daniel Trace Moore, to operate the truck owned by it at the time of the incident.

22.   Plaintiff further pleads that Defendant negligently entrusted its truck to Daniel Trace Moore. Defendant owned and operated the truck involved in the incident and consented to and permitted Daniel Trace Moore, to operate the truck owned by them at the time of the incident.

23.   Defendant's employee, Daniel Trace Moore, was an incompetent and/or reckless driver. Defendant's employee, Daniel Trace Moore, was negligent on the occasion in question in a manner that was reasonably foreseeable by Defendant and his negligence was a proximate cause Plaintiff's injuries and damages.

### F.   GROSS NEGLIGENCE

24.   Plaintiff alleges that all acts, conduct and omissions on the part of Defendant, taken singularly or in combination, constitute gross negligence and were the proximate cause of Plaintiff's injuries and damages. Defendant's acts and/or omissions, when viewed objectively from the Defendant's standpoint at the time such acts and/or omissions occurred, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendant had actual, subjective awareness of the risk, but proceeded with conscious indifference to the rights, safety and welfare of Plaintiff. Such gross negligence was a proximate cause of the occurrence and Plaintiff's injuries and damages. Therefore, Plaintiff is entitled to punitive and/or exemplary damages.

25. Because Defendant is liable for gross negligence, punitive damages should be assessed against it as a deterrent to such future bad conduct and as a punishment for its bad acts in an amount to be determined by the jury.

## VII.
## DAMAGES

26. As a result of the incident, Plaintiff seeks compensation for the following damages:

   a. Medical, hospital, and pharmaceutical charges and expenses in the past;

   b. Medical, hospital, and pharmaceutical charges and expenses that, in reasonable medical probability, will be incurred in the future;

   c. Past and future physical pain and suffering of Plaintiff;

   d. Past and future disfigurement suffered by Plaintiff;

   e. Past and future physical impairment and disability suffered by Plaintiff;

   f. Past and future mental anguish of Plaintiff;

   g. Past loss of wages and loss of future earning capacity of Plaintiff;

   h. Cost of suit;

   i. Pre- and post-judgment interest;

   j. Exemplary damages; and

   k. Any and all other damages in which Plaintiff may be justly entitled.

## PRAYER

For the foregoing reasons, Plaintiff Jose Romero-Palacios prays that the Defendant Warren Electric LLC be cited to appear and answer herein. Upon final trial by a jury, which is hereby demanded, Plaintiff is entitled to have judgment against Defendant and requests that the Court award money damages as listed above, in such amounts that the jury may deem appropriate and are allowable by law, along with any and all other relief the Court may deem appropriate.

Respectfully submitted,

**ABRAHAM, WATKINS, NICHOLS, AGOSTO, AZIZ & STOGNER**

*/s/ Muhammad S. Aziz*
MUHAMMAD S. AZIZ
State Bar No. 24043538
Federal Bar No. 868540
800 Commerce Street
Houston, Texas 77002
(713) 222-7211 – Telephone
(713) 225-0827 – Facsimile
maziz@awtxlaw.com

**-AND-**

**REYNA INJURY LAWYERS, P.C.**

*/s/ Juan P. Reyna*
JUAN P. REYNA
State Bar No. 24027649
5656 S. Staples, Ste 114
Corpus Christi, Texas 78411
(361) 993-8100 – Telephone
(361) 993-8101 – Facsimile
jr@jreynalawfirm.com

**ATTORNEYS FOR PLAINTIFF**