IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| **JOSE ROMERO-PALACIOS.** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **PE:21-CV-00042-DC-DF** |
| | § | |
| **WARREN ELECTRIC, LLC,** | § | |
| *Defendant.* | § | |
| | § | |
| | § | |
| | § | |

## REPORT AND RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE

TO THE HONORABLE DAVID COUNTS, U.S. DISTRICT JUDGE:

BEFORE THE COURT is Defendant Warren Electric LLC's ("Defendant") Motion to Dismiss for Lack of Subject Matter Jurisdiction and Memorandum in Support (hereafter, "Motion to Dismiss"). (Doc. 6). This matter is before the undersigned United States Magistrate Judge through a standing order of referral pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration, the undersigned **RECOMMENDS** that Defendant's Motion to Dismiss be **GRANTED**. (Doc. 6).

### I. BACKGROUND

This case's genesis is a motor vehicle collision. Plaintiff Jose Romero-Palacios ("Plaintiff") alleges that on or around September 30, 2019, he was traveling on State Road 128. (Doc. 1 at 3). Plaintiff claims that he decelerated on the road, eventually coming to a stop "to wait for the vehicle in front of him to make the left turn." *Id.* During his stop, another driver named Daniel Trace Moore ("Moore"), purportedly employed by Defendant, failed to pay attention and "violently crashed into the back of Plaintiff's truck." *Id.* Plaintiff alleges that this incident caused him to sustain "serious

personal injuries and damages." *Id.* Plaintiff brought suit against Defendant[1] on June 18, 2021, ostensibly invoking this Court's diversity jurisdiction. *See generally id.*

On October 29, 2021, Defendant filed its Motion to Dismiss, claiming that the Court "lacks subject-matter jurisdiction over Plaintiff's suit." (Doc. 6 at 1). Defendant argues that Plaintiff's Original Complaint (Doc. 1) does "not allege facts showing that the amount in controversy exceeds $75,000.00 as required under 28 U.S.C. § 1332(a)(1)." (Doc. 6 at 2). Since the Original Complaint lacks a substantiation of one of the requirements for diversity jurisdiction, Defendant claims, Plaintiff has failed to demonstrate that the suit invokes the jurisdiction of this Court and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1). *Id.* Defendant additionally requests an award of just costs under 28 U.S.C. § 1919 should the Court grant its motion. *Id.* Plaintiff did not file a response to Defendant's Motion to Dismiss, seek leave to amend his complaint in light of the issues raised by the Motion to Dismiss, or even request an extension of time to file a response. Therefore, the undersigned will only construe the arguments presented in the Motion to Dismiss against the allegations in the initial Original Complaint.[2] Accordingly, this matter is now ripe for disposition.

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The courts possess only that power authorized by the Constitution and statutes of the United States. *Id.* (citations omitted). Motions filed under Federal Rule 12(b)(1) allow a party to challenge the subject matter jurisdiction of the district court to hear a case. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

---

1. Plaintiff does not assert claims against the driver-employee Moore. (*See* Doc. 1).
2. When a party fails to respond to a motion, courts are able to "grant the motion as unopposed." W.D. Tex. Civ. R. 7(e)(2). This "terminal Local Rule" may be applied to "dispositive motions," such as a motion to dismiss. *Garcia v. United Asset Mgmt. LLC*, No. SA-21-CV-01006-JKP, 2021 U.S. Dist. LEXIS 226526, at *3, 2021 WL 5506741, at *1 (W.D. Tex. Nov. 23, 2021) (collecting cases). Here, although the Court may be justified in granting Defendant's Motion to Dismiss as unopposed since Plaintiff produced no response, the undersigned will address the merits of the motion "in the interests of thoroughness." *Suarez v. Ocwen Loan Servicing, LLC*, No. 5:15-CV-664-DAE, 2015 U.S. Dist. LEXIS 153023, at *5, 2015 WL 7076674, at *2 (W.D. Tex. Nov. 12, 2015).

Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Id.* (citing *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). "[A]ll uncontroverted allegations in the complaint must be accepted as true." *Taylor v. Dam*, 244 F. Supp. 2d 747, 752 (S.D. Tex. 2003) (citations omitted). "Thus, unlike a motion to dismiss under [Federal] Rule 12(b)(6), when examining a motion to dismiss for lack of subject matter jurisdiction under [Federal] Rule 12(b)(1), the district court is entitled to consider disputed facts as well as undisputed facts in the record." *Id.* (citations omitted).

The burden of proof for a Federal Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *Ramming*, 281 F.3d at 161 (citing *McDaniel v. United States*, 899 F. Supp. 305, 307 (E.D. Tex. 1995)); *Taylor*, 244 F. Supp. 2d at 752. In fact, "there is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996).

### III. DISCUSSION

On October 29, 2021, Defendant filed the instant Motion to Dismiss. (Doc. 6). Defendant's sole ground for dismissal in this case under Federal Rule 12(b)(1) is that Plaintiff's Original Complaint inadequately asserts facts which would buttress the amount in controversy as required by 28 U.S.C. § 1332. *Id.* at 1–2. According to Defendant, while the Original Complaint alleges in some capacity an amount in controversy, this statement is conclusory, and does not contain "any facts or damages amounts" which the Court can use to determine whether the amount in controversy requirement has been satisfied. *Id.* at 2. For the reasons described below, the undersigned **RECOMMENDS** that Defendant's Motion to Dismiss be **GRANTED**.

*1. Amount in Controversy*

3

Subject-matter jurisdiction is the court's "statutory or constitutional *power* to adjudicate [a] case" which can "never be waived or forfeited." *United States v. Cotton*, 535 U.S. 625, 630 (2002) (emphasis in original) (quoting *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 89 (1998)). District courts have original jurisdiction over all civil actions where the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a)(1). The party attempting to invoke diversity jurisdiction must prove that (1) the parties are diverse and (2) the amount in controversy exceeds $75,000. *See Frye v. Anadarko Petroleum Corp.*, 953 F.3d 285, 293 (5th Cir. 2019) (citing *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003)).

In this case, Defendant does not affirmatively claim that Plaintiff has failed to adequately plead complete diversity. (Doc. 6). Accordingly, the only issue before the Court, as is the primary focus of the Motion to Dismiss, involves the requisite amount in controversy to support an allegation of diversity jurisdiction. *See Hereford v. Carlton*, No. 9:15-CV-26, 2016 U.S. Dist. LEXIS 195450, at *6–*7, 2016 WL 7042231, at *3 (E.D. Tex. May 26, 2016).

Issues surrounding the amount in controversy are subjected to "different burdens of proof . . . depending upon whether the complaint does not allege a specific dollar amount." *Double Take Archery, LLC v. Out Rage*, No. 5:15-CV-602-DAE, 2015 U.S. Dist. LEXIS 171023, at *4–*5, 2015 WL 9426118, at *2 (W.D. Tex. Dec. 22, 2015) (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). In every complaint based upon diversity jurisdiction, the factual scenario is dichotomous: the party invoking diversity jurisdiction either alleges a "sum certain that exceeds the requisite amount in controversy, [which] controls if made in good faith," or the same party does not allege such sum or otherwise alleges an "indeterminate amount of damages." *Double Take*, 2015 U.S. Dist. LEXIS 171023, at *5, 2015 WL 9426118, at *2 (citing *Allen*, 63 F.3d at 1335); *Fairley v. Ford*, No. H-17-1639, 2017 U.S. Dist. LEXIS 130152, at *9, 2017 WL 3507015, at *3 (S.D. Tex. Aug. 16, 2017). In the former scenario, the Court is to presumably possess subject matter jurisdiction

unless it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." *Double Take*, 2015 U.S. Dist. LEXIS 171023, at *5, 2015 WL 9426118, at *2 (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) (alteration in original)). On the other hand, in the latter scenario, wherein a party has propounded an indeterminate amount in controversy, the Fifth Circuit requires district courts to examine whether the plaintiff has "prove[n] by a preponderance of the evidence that the amount in controversy exceeds" the minimum of $75,000.00. *Lirette v. Symetra Life Ins. Co.*, No. 20-2954, 2021 U.S. Dist. LEXIS 144721, at *8, 2021 WL 3362941, at *3 (E.D. La. Aug. 2, 2021); *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999) (citation omitted).

This secondary test itself requires a two-pronged approach. First, the court "examine[s] the complaint to determine whether it is *facially apparent* that the claims exceed the jurisdictional amount." *Double Take*, 2015 U.S. Dist. LEXIS 171023, at *6, 2015 WL 9426118, at *2 (quoting *Hartford Ins. Grp. v. LouCon Inc.*, 293 F.3d 908, 910 (5th Cir. 2002)) (emphasis added); *see also Brand Servs., L.L.C. v. Irex Corp.*, 909 F.3d 151, 155 (5th Cir. 2018). The superficial nature of this test allows the court to inquire into the injuries asserted and use judicial experience and common reason to prognosticate the total availability of damages based upon the relief sought, or in other words viability of the case in surpassing $75,000 worth of damages. *See Hereford v. Carlton*, No. 9:15-CV-26, 2016 U.S. Dist. LEXIS 195450, at *8–*9, 2016 WL 7042231, at *4 (E.D. Tex. May 26, 2016); *Nero v. St Joseph's Reg'l Med. Hosp.*, No. 2:15-00120 (WJM), 2015 U.S. Dist. LEXIS 67646, at *3, 2015 WL 3386340, at *1 (D.N.J. May 26, 2015). If the amount in controversy is not apparent, the court proceeds to the second step, which entails a review of proffered "summary judgment type evidence," to be adjudged "as of the time the complaint is filed."[3] *Hartford Ins.*, 293 F.3d at 910; *but*

---

3. Although "summary judgment-type evidence" is to be considered, courts are to withhold findings on the viability or merit of a plaintiff's claims in this circumstance as would be done at the summary judgment stage pending the proper motion. *See Serv. Janitorial v. Talbot*, No. 1:08-CV-685, 2009 U.S. Dist. LEXIS 147013, at *7, 2009 WL 10677608, at *3 (E.D. Tex. Sept. 9, 2009) (expressly providing "no opinion at this time as to whether Plaintiff can

*see Santisteven v. Braum's, Inc.*, No. 4:16CV918, 2017 U.S. Dist. LEXIS 19867, at *4, 2017 WL 673828, at *2 (E.D. Tex. Jan. 23, 2017) (declining to "decide whether or not it is facially apparent" that the amount in controversy is above $75,000 while concluding that the amount in controversy was sufficiently pleaded following a review of attached medical bills and medical records), *report and recommendation adopted*, No. 4:16CV918, 2017 U.S. Dist. LEXIS 19705, 2017 WL 568709 (E.D. Tex. Feb. 13, 2017).

      Here, the undersigned finds that Plaintiff has failed to allege a specific dollar amount. In the Original Complaint, Plaintiff only addresses the amount in controversy in a single instance: "[T]he amount in controversy is greater than $75,000." (Doc. 1 at 1). While it may be true that there exists in the Fifth Circuit "no requirement . . . that an actual dollar amount must appear on a paper in the suit," the relevant statement is insufficient to notate a specific dollar amount, and therefore is indeterminate. *Hereford*, 2016 U.S. Dist. LEXIS 195450, at *7, 2016 WL 7042231, at *4; *see also Lirette v. Symetra Life Ins. Co.*, No. 20-2954, 2021 U.S. Dist. LEXIS 144721, at *9, 2021 WL 3362941, at *3 (E.D. La. Aug. 2, 2021); *but see Double Take*, 2015 U.S. Dist. LEXIS 171023, at *7, 2015 WL 9426118, at *3 (holding that the plaintiff's complaint alleged a specific dollar amount where the plaintiff stated it "is unaware of the full extent of its actual damages [but] . . . believes its actual damages to be in excess of $75,000") (alteration in original). Nowhere in the Original Complaint is there an estimate of the amount of costs, a predicted range of recovery, or an allegation of the total damages suffered, which may serve to provide some form of alternative calculation for the amount in controversy. *See Quatrini v. DOD Physical Disability Bd. of Review*, No. 6:21-cv-996-PGB-EJK, 2022 U.S. Dist. LEXIS 18923, at *8 (M.D. Fla. Feb. 2, 2022); *Fairley*, 2017 U.S. Dist.

---

prove liability and some or all of the damages allowed"); *see also LOL Fin. Co. v. Easy Money Catfish*, No. 4:09cv23-MS, 2009 U.S. Dist. LEXIS 98745, at *6, 2009 WL 3297046, at *2 (N.D. Miss. Oct. 9, 2009) (affirming the general proposition that, "at this juncture, [the court's] task is not to conduct a quasi-summary judgment inquiry to determine whether plaintiff will actually recover the damages which it seeks[, as t]hat is the purpose of the actual litigation of this lawsuit"). However, as will be explained below, the undersigned is unable to perform this last resort inquiry in any discernible capacity.

LEXIS 130152, at *10–*11, 2017 WL 3507015, at *4 (refusing to infer without evidence additional attorney's fees following a transfer of the case between counsel). Given Plaintiff's unequivocal silence in the face of the pending Motion to Dismiss, the undersigned perceives no reason to give Plaintiff extraneous credence in surmising that "it is clear that [he] seeks a very large judgment in this case" or similar exorbitant amount. *See LOL Fin. Co. v. Easy Money Catfish*, No. 4:09cv23-MS, 2009 U.S. Dist. LEXIS 98745, at *4, 2009 WL 3297046, at *2 (N.D. Miss. Oct. 9, 2009) (foreseeing a "very large judgment" based upon the case's theory that "the exact judgment which it recovers will depend on a number of [commercial] factors").

Having concluded that the Original Complaint does not state a specific dollar amount, the undersigned turns to the two-pronged test. The Original Complaint alleges the following damages:

> * Medical, hospital, and pharmaceutical charges and expenses in the past;
> * Medical, hospital, and pharmaceutical charges and expenses that, in reasonable medical probability, will be incurred in the future;
> * Past and future physical pain and suffering of Plaintiff;
> * Past and future disfigurement suffered by Plaintiff;
> * Past and future physical impairment and disability suffered by Plaintiff;
> * Past and future mental anguish of Plaintiff;
> * Past loss of wages and loss of future earning capacity of Plaintiff;
> * Cost of suit;
> * Pre- and post-judgment interest;
> * Exemplary damages; and
> * Any and all other damages in which Plaintiff may be justly entitled.

(Doc. 1 at 7). Applying common sense to this uniquely bland form list of damages, as well as to the nature of the claims and the background facts provided, the undersigned concludes that it is not facially apparent that the Original Complaint establishes an amount in controversy of at least $75,000.00. *Contra Hereford*, 2016 U.S. Dist. LEXIS 195450, at *8–*9, 2016 WL 7042231, at *4. Plaintiff elsewhere in the Original Complaint does not allege specific time lost out on any employment, the duration of any hospital visits, or even which areas on his body are disfigured or impaired or to which degree they might so be. (*See generally* Doc. 1). Plaintiff instead generally

asserts that his damages occurred as the result of the motor vehicle incident, for which he seeks

recovery under various direct negligence and vicarious theories.[4] *See id.* at 3–7. Courts throughout

the Fifth Circuit have routinely held that a complaint featuring only "general categories of damages,

such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,'

without any indication of the [specific] amount of the damages sought," contains insufficient

jurisdictional facts for the party invoking diversity jurisdiction to meet his burden of proving that the

amount in controversy is satisfied under the first prong of the test. *Johnson v. Beale*, No. 18-961-

BAJ-EWD, 2019 U.S. Dist. LEXIS 82871, at *8 n.33, 2019 WL 2150399, at *4 n.33 (M.D. La. Apr.

24, 2019) (collecting cases), *report and recommendation adopted*, No. 18-961-BAJ-EWD, 2019 U.S.

Dist. LEXIS 83167, 2019 WL 2144807 (M.D. La. May 15, 2019). Thus, the Original Complaint is

fatally defective on grounds of vagueness.

      Even a careful observation of the pleaded facts and damages invites no inclination to adjudge

that the jurisdictional amount has been met. For example, Plaintiff has merely asserted the

cadaverous "physical impairment and disability." (Doc. 1 at 7). It is common knowledge that the

impairment of one's pinky toe would generally be worth significantly less in a civil lawsuit than the

impairment of one's entire body. As for an answer to the question of whether and to what extent

Plaintiff has been injured, the world eternally awaits. *See Rodney v. Waffle House*, No. 18-481-

SDD-EWD, 2018 U.S. Dist. LEXIS 222596, at *14, 2018 WL 6829041, at *7 (M.D. La. Oct. 22,

2018) (finding, as between the other cases involving similar injuries and subsequent awards

satisfying the jurisdictional amount, "no way to determine whether . . . such cases are arguably

---

4. While, of course, as a matter of Texas state law, recovery for injuries based upon those theories may yield more than $75,000.00 in some instances, the mere possibility of such recovery is not enough. *See Fairley v. Ford*, No. H-17-1639, 2017 U.S. Dist. LEXIS 130152, at *9–*10, 2017 WL 3507015, at *3 (S.D. Tex. Aug. 16, 2017) ("The party invoking jurisdiction must do more than point to a state law that might allow the plaintiff to recover more than the jurisdictional minimum . . . ."); *see also Rodney v. Waffle House*, No. 18-481-SDD-EWD, 2018 U.S. Dist. LEXIS 222596, at *14, *19, 2018 WL 6829041, at *7, *9 (M.D. La. Oct. 22, 2018) (advising that a "possibility" of recovery of over $75,000.00 is insufficient), *report and recommendation adopted*, No. 18-481-SDD-EIND, 2018 U.S. Dist. LEXIS 222598, 2018 WL 10809995 (M.D. La. Dec. 18, 2018).

similar" due to the lack of evidence in the record regarding the extent of the plaintiff's damages), *report and recommendation adopted*, No. 18-481-SDD-EIND, 2018 U.S. Dist. LEXIS 222598, 2018 WL 10809995 (M.D. La. Dec. 18, 2018).

Put bluntly, Plaintiff has not demonstrated it is "more likely than not" that his alleged injuries are worth more than $75,000.00—Plaintiff has failed to defend his case, so there is no "likely" here at all to satisfy the preponderance of the evidence standard. *See Waffle House*, 2018 U.S. Dist. LEXIS 222596, at *14, 2018 WL 6829041, at *7. In fact, it is often said that courts are required to conclude that a complaint fails the "facially apparent" test "[i]f the complaint is vague with regard to the types of injuries, medical expenses incurred, and future medical problems resulting from the incident." *Taylor v. Old Republic Ins. Co.*, No. 21-369-BAJ-EWD, -- F. Supp. 3d -- , 2022 U.S. Dist. LEXIS 15917, at *9–*10, 2022 WL 264887, at *4 (M.D. La. Jan. 5, 2022), *report and recommendation adopted*, No. 21-00369-BAJ-EWD, 2022 U.S. Dist. LEXIS 15981, 2022 WL 264540 (M.D. La. Jan. 27, 2022). If this is true, Plaintiff finds himself wrought with evermore misfortune. Assuming as above the standard is still one encased in discretion, here, there is no basis to infer any given amount of damages based upon the ambiguous injuries alleged in the Original Complaint. *Accord Fairley*, 2017 U.S. Dist. LEXIS 130152, at *10–*11, 2017 WL 3507015, at *4. Accordingly, the undersigned holds that the facial appearance of the Original Complaint does not demonstrate by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.

Plaintiff's seemingly forsaken Original Complaint furthermore finds no salvation in the second prong. Plaintiff did not respond to the Motion to Dismiss, and has not otherwise provided any summary judgment-type evidence. There is nothing in the record for the undersigned to consider beyond the face of the Original Complaint. *Johnson v. Beale*, No. 18-961-BAJ-EWD, 2019 U.S. Dist. LEXIS 82871, at *11–*12, 2019 WL 2150399, at *5 (M.D. La. Apr. 24, 2019) ("There continues to be no information regarding Plaintiff's specific injuries, incurred or anticipated medical

treatment or expenses, alleged disability, Plaintiff's diminution of earnings, or lost earning capacity."), *report and recommendation adopted*, No. 18-961-BAJ-EWD, 2019 U.S. Dist. LEXIS 83167, 2019 WL 2144807 (M.D. La. May 15, 2019). The undersigned thus believes it incredulous to conclude that the Original Complaint has satisfied either prong of the two-part inquiry as promulgated by the Fifth Circuit. *See Brand Servs., L.L.C. v. Irex Corp.*, 909 F.3d 151, 155 (5th Cir. 2018). Therefore, the undersigned finds that Plaintiff has failed to adequately plead either a specific dollar amount or other jurisdictional facts to support the amount in controversy requirement by a preponderance of the evidence. Accordingly, the undersigned **RECOMMENDS** that the Motion to Dismiss be **GRANTED**. (Doc. 6).

     *2.   Repleading*

     Plaintiff did not respond to the Motion to Dismiss, and accordingly did not request leave to replead the Original Complaint to properly substantiate the presently deficient amount in controversy. Although the Court has discretion to refuse to allow an opportunity to replead, it is well known that leave to amend should be "freely give[n] when justice so requires." FED. R. CIV. P. 15(a)(2); *Rosales v. Wes. Fin. Auto Grp., Inc.*, No. 19-cv-13365, 2020 U.S. Dist. LEXIS 70084, at *14–*15, 2020 WL 1930048, at *5 (E.D. Mich. Apr. 21, 2020) (applying Federal Rule 15 to the prospect of allowing an amendment to a complaint to cure an amount in controversy deficiency). The undersigned finds that justice does indeed require an opportunity to amend, and is able to *sua sponte* recommend that the Court grant leave. *Jaraba v. Blinken*, No. EP-21-CV-53-LC, -- F. Supp. 3d -- , 2021 U.S. Dist. LEXIS 216253, at *6, 2021 WL 5144733, at *3 (W.D. Tex. Oct. 25, 2021) (affirming the Court's authority to grant a plaintiff leave to amend "even when the party has not submitted a motion requesting that leave" in the Federal Rule 12(b)(6) context).

     At this stage of the pleadings, whether the damages amount as claimed is more or less than $75,000.00, "is a riddle, wrapped in a mystery, inside an enigma." *Cutrer v. Tarrant Cty. Loc. Workforce Dev. Bd.*, 943 F.3d 265, 272 (5th Cir. 2019) (quoting Winston Churchill, *The Russian*

*Enigma* (BBC Broadcast, Oct. 1, 1939)). Nevertheless, the nature of Plaintiff's injuries—entailing physical disability, pain and suffering, and medical bills—prompts the undersigned to allocate some sympathy to Plaintiff's claims. Specifically, the instant action is still very much in its incipiency, and there is no apparent dispute regarding the sufficiency of the pleadings other than the amount in controversy. Thus, the undersigned believes that repleading should be available to pacify the concerns propagated in the Motion to Dismiss, but that the opportunity to replead, with great celerity, should be allowed. *Accord Whisman v. Regymen Fitness, LLC*, No. 8:20-cv-2470-VMC-TGW, 2021 U.S. Dist. LEXIS 58001, at *13, 2021 WL 1165165, at *5 (M.D. Fla. Mar. 26, 2021); *Grange Mut. Cas. Co. v. Indian Summer Carpet Mills, Inc.*, No. 4:17-CV-1263-VEH, 2017 U.S. Dist. LEXIS 190470, at *9–*10, 2017 WL 5521610, at *4 (N.D. Ala. Nov. 17, 2017).

Accordingly, the undersigned **RECOMMENDS** that the Court grant Plaintiff leave to file a first amended complaint establishing an amount in controversy sufficient for diversity jurisdiction within **fourteen (14) days** of the entry of the Court order on this Report and Recommendation.

    *3.   Just Costs*

Defendant also moved for the allocation of just costs pursuant to 28 U.S.C. § 1919, pending the Court's granting of its Motion to Dismiss. (Doc. 6 at 2).

Section 1919 authorizes the Court to "order the payment of just costs" whenever an action "is dismissed . . . for want of jurisdiction." *Laufer v. Galtesvar*, No. 1:20-CV-00588-RP, 2020 U.S. Dist. LEXIS 240714, at *23, 2020 WL 7416940, at *8 (W.D. Tex. Nov. 23, 2020) (quoting 28 U.S.C. § 1919), *report and recommendation adopted*, No. 1:20-CV-588-RP, 2020 U.S. Dist. LEXIS 239829, 2020 WL 7416195 (W.D. Tex. Dec. 15, 2020). Because the undersigned has recommended that the Motion to Dismiss be granted pursuant to Federal Rule 12(b)(1), which would indicate a want of jurisdiction, it is natural that just costs would be requested. Considering how Plaintiff has, up until this juncture, neglected to defend his own case, the undersigned is of the opinion that just costs should be awarded to Defendant. *See Green v. Wolters Kluwer US Corp.*, No. 08-1065, 2008 U.S.

Dist. LEXIS 44502, at *6, 2008 WL 2355848, at *2 (E.D. La. June 4, 2008). However, since the undersigned has also recommended that the Court *sua sponte* provide Plaintiff the serendipitous opportunity to amend his Original Complaint, it follows that just costs should be awarded only if Plaintiff fails to satisfactorily amend his Original Complaint in congruence with the above admonishments within the given timeframe.

Accordingly, the undersigned **RECOMMENDS** that, should the Court grant leave to amend to Plaintiff as recommended, and should Plaintiff subsequently fail to sufficiently replead an amount in controversy, Defendant's request for just costs be **GRANTED**.[5] (Doc. 6 at 2).

## IV. RECOMMENDATION

For the reasons stated above, the undersigned **RECOMMENDS** that the Court order Plaintiff to replead his complaint within **fourteen (14) days** of the entry of the Court order on this Report and Recommendation, sufficiently alleging either a specific dollar amount or adequate descriptions of the damages suffered for the amount in controversy requirement to be satisfied on the face of the amended complaint.

Additionally, the undersigned **RECOMMENDS** that, should the Court grant leave to amend to Plaintiff as recommended, and should Plaintiff subsequently fail to sufficiently plead an amount in controversy, Defendant's Motion to Dismiss be **GRANTED**. (Doc. 6).

Further, the undersigned **RECOMMENDS** that, should the Court grant leave to amend to Plaintiff as recommended, and should Plaintiff subsequently fail to sufficiently plead an amount in controversy, Defendant's request for just costs be **GRANTED**. (Doc. 6 at 2).

---

5. "Just costs," as defined by 28 U.S.C. § 1920, does not include attorney's fees. 28 U.S.C. § 1920; *see Laufer v. Galtesvar*, No. 1:20-CV-00588-RP, 2020 U.S. Dist. LEXIS 240714, at *24, 2020 WL 7416940, at *8 (W.D. Tex. Nov. 23, 2020) (quoting 28 U.S.C. § 1919), *report and recommendation adopted*, No. 1:20-CV-588-RP, 2020 U.S. Dist. LEXIS 239829, 2020 WL 7416195 (W.D. Tex. Dec. 15, 2020).

Lastly, the undersigned **RECOMMENDS** that, should the Court not decide to grant leave to amend to Plaintiff as recommended, Defendant's Motion to Dismiss and request for just costs each be **GRANTED** outright. (Doc. 6).

SIGNED this 16th day of February, 2022.

DAVID B. FANNIN
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND RIGHT TO APPEAL/OBJECT**

In the event that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested. Pursuant to 28 U.S.C. § 636(b), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Judge. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Judge need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the U.S. Magistrate Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Judge. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).